# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. DOVE,                    :

      **Petitioner**                    :

                **CIVIL ACTION NO. 3:12-1517**

    **v.**                             :

                **(Judge Mannion)**

YORK COUNTY, PA                    :
PA STATE ATTORNEY GENERAL,
                     :

      **Respondents**                  :

## MEMORANDUM[1]

    Ronald A. Dove, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Township), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. No. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for York County, Pennsylvania. Id. For the reasons that follow, the Court will deny the petition.

## I.   Background

    The following background has been extracted from the Pennsylvania

---

1. For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Superior Court's August 27, 2010 Memorandum Opinion affirming the trial court's

judgment. (Doc. No. 16, Commonwealth v. Dove, No. 41 MDA 2010, Superior

Court Opinion at pp. 1-4).

On July 7, 2008, Timothy Kemp, a 12-year-minor, observed [Dove]
in the parking lot of the Market Square strip mall. [Dove] staggered
to the door of a Rite-Aid store and could not open the door. Timothy
Kemp opened the door for [Dove] and [Dove] entered and wandered
around the store. [Dove] returned to his car and had difficulty
unlocking it. At one point, [Defendant] stumbled back and leaned on
the adjacent van. [Dove] eventually gained entrance to his car and
started the engine. Once in gear, [Dove] placed the car in reverse
and almost backed over a median strip. [Dove] placed the car in
drive and almost hit another median strip. Subsequently, [Dove drove
in circles around the parking lot for several minutes. [Dove]
eventually parked his car.

Timothy Kemp recorded a description of [Dove's] car and license
plate. He provided this information to his father, Edward Kemp, who
called 911. At some point, [Dove] started driving around the parking
lot again. When the police officer arrived, [Dove] almost hit the
officer's car. After the police arrested [Dove], Timothy Kemp
observed [Dove] holding the squad car door open with his foot. At
that point, Edward and Timothy Kemp left the shopping center.

In response to Edward Kemp's 911 call, a dispatcher sent Kathleen
Ames-Brooker, a patrol officer with the Southern Regional Police
Department, to the shopping center. Upon arriving, Officer
Ames-Brooker observed a car matching Mr. Kemp's description.
[Dove] initially was parked but started circling the shopping center.
Officer Ames-Brooker observed [Dove] making wide turns, weaving,
and driving excessively slow. Officer Ames-Brooker turned on her
lights and stopped [Dove]. In response to questioning, [Dove] stated
he did not have a driver's license. Officer Ames-Brooker observed
[Dove's] eyes were bloodshot and glassy, his speech was slurred,
and he was unsteady on his feet. At some point in the conversation,

2

Officer Ames-Brooker noticed an odor of alcohol on [Dove's] breath. Officer Ames-Brooker asked [Dove] to submit to field sobriety and breath tests, which he refused.

At this time, Officer Ames-Brooker placed [Dove] under arrest and attempted to secure him in the back of her police car. Although initially compliant, [Dove] started to struggle upon entering the police car. He used his foot to prevent Officer Ames-Brooker from closing the car door. [Dove] also kicked at Officer Ames-Brooker and smashed her hand into the car door with his foot. Officer Ames-Brooker called for backup because [Dove] continued to kick at her with both feet. Officer Ames-Brooker eventually closed the door, and backup officers subsequently arrived. Officer Ames-Brooker took [Dove] to York Hospital to test his blood alcohol content. During transport, [Dove] called Officer Ames-Brooker derogatory names and threatened to kick and rape her. At the hospital, [Dove] refused to submit to testing or listen to the implied consent warnings.

Officer Ames-Brooker filed a criminal complaint, charging [Dove] with DUI, driving with a suspended license, and resisting arrest. On June 15, 2009, [Dove's] jury trial commenced. The jury convicted [Dove] on June 17, 2009, of DUI and resisting arrest; and the court found [Dove] guilty of driving with a suspended license. The court ordered a pre-sentence investigation. On August 5, 2009, the court sentenced [Dove] to an aggregate of twenty-seven (27) to seventy-eight (78) months of incarceration, plus fines and costs.

[Dove] timely filed a post-sentence motion on August 14, 2009, requesting a reduced sentence. The court denied this request on October 16, 2009. Appellant timely filed a notice of appeal on November 4, 2009. Trial counsel filed a motion to withdraw, and the court appointed new counsel on January 25, 2010. Appellant timely filed a Rule 1925(b) concise statement of matters complained of on appeal pursuant to court order.

[Dove] raises the following issues on appeal:

3

WAS THERE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT, THAT [DOVE] WAS GUILTY OF RESISTING ARREST?

WAS THERE SUFFICIENT EVIDENCE TO PROVE, BEYOND A REASONABLE DOUBT, THAT [DOVE] WAS GUILTY OF DUI/GENERAL IMPAIRMENT?

Id. On August 27, 2010, the Pennsylvania Superior Court affirmed the Petitioner's conviction. Id.

On December 1, 2010, Dove filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). (Doc. No. 16, PCRA petition). Petitioner raised various issues of ineffective assistance of trial and appellate counsel, as well as trial court error. Id.

On June 27, 2011, the PCRA Court filed a notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907. (Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

On July 5, 2011, Dove filed a notice of appeal to the Pennsylvania Superior Court. (Doc. No. 16, Commonwealth of Pennsylvania v. Dove, No. CP-67-CR-0005810-2008, Criminal Docket Sheet).

By Order dated July 26, 2011, the PCRA court denied Dove's PCRA petition. (Doc. No. 16, Order).

On April 5, 2012, the Pennsylvania Superior Court affirmed the PCRA

4

court's denial of Dove's PCRA petition, finding the following:

> On appeal, Appellant presents a verbose attack on nearly every aspect of the proceedings. After a thorough reading of Appellant's rambling brief on appeal, we conclude that he has failed to properly preserve and present any issue on appeal.[2] Appellant's Brief is in violation of Pennsylvania Rules of Appellate Procedure 2111, 2116 and 2119. Appellant's brief is a collection of varied papers and disjointed accusations. The statement of questions involved basically consists of attacks on trial proceedings which are not cognizable under the PCRA. Appellant's argument bears nearly no relation to the statement of questions involved, and it is not supported by any relevant case law, citations to the record, or understandable argument. Rather, Appellant merely states his belief that the outcome should have been different. Finally, while Appellant's first issue on appeal does aver that appellate counsel was ineffective for failing to "bring his argument to the direct appeals court" (Appellant's Brief at 4 (unnumbered pages)), the argument portion provides no support for his accusation.

> While this Court could quash Appellant's appeal on these grounds, we decline to do so. Adams, 882 A.2d at 497. Rather, to the extent that Appellant preserved any issues on appeal, we affirm on the basis of the PCRA court's September 9, 2011 opinion, which incorporates by reference the June 27, 2011 Pa.R.Crim.P. 907 notice, thoroughly addressing the issues raised in Appellant's Pa.R.A.P. 1925(b) statement.[3]

---

2. While his Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. Commonwealth v. Adams, 882 A.2d 496, 498 (Pa. Super. 2005)(citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Id.

3. We note that, in an apparent abundance of caution, the PCRA court addressed Appellant's conflated issues both under a direct appeal standard and a PCRA standard. We conclude that the PCRA court provided this analysis in an

(Doc. No. 16, Memorandum Opinion).

On August 6, 2012, Dove filed the instant petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence:

1.  Petitioner's Fourth and Fourteenth Amendment rights were violated where Petitioner's omnibus pre-trial motion to suppress the traffic stop was denied by the trial court.

2.  Petitioner received ineffective assistance of appellate counsel when appellate counsel abandoned Petitioner's constitutional claims on direct appeal and failed to raise challenges to various evidentiary rulings by the trial court.

3.  Claims of ineffective assistance of trial and appellate counsel.

4.  Abuse of discretion by the trial and sentencing court in its evidentiary and pre-trial rulings and its subsequent sentence of Petitioner.

5.  Prosecutorial Misconduct.

6.  Petitioner suffered prejudice when affiant changed her story for the reason for the traffic stop.

(Doc. No. 1, petition).

---

effort to address the issues in a thorough manner despite the lack of cogency in Appellant's questions presented.

## II.    Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A. Exhaustion

It is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. §2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[4] Because the exhaustion doctrine is designed to give the state

---

4. Exhaustion is excused if "there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), quoting 28 U.S.C. §2254(b)(1)(B)(i) and (ii). Hence, "exhaustion is not required if there is inordinate delay in state procedures, id. at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." Id. at 163, citing Mayberry v. Petsock, 821 F.2d 179 (3d Cir. 1987).

courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. Id. at 845.

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines, 208 F.3d at 159. See also Baldwin v. Reese, 541 U.S. 27 (2004)(holding that "to provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").

A review of the instant petition reveals that two of Dove's ineffective assistance of counsel claims have never been presented to any state court for review. Specifically, Dove's claim that trial counsel was ineffective for failing to

8

file an interlocutory appeal to the Pennsylvania Superior Court, and Dove's claim that trial counsel failed to impeach Officer Ames-Booker's testimony, has never been raised in the lower courts. Additionally, Dove's claim of prosecutorial misconduct and perjured testimony of Officer Ames-Brooker have never been presented to any state court for review.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. §2254(b); see also, Werts v. Vaughn, 228 F.2d 178, 192 (3d Cir. 2000). It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused. Lines, 208 F.3d at 163.

In such cases applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also, Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001); Lines, 208 F.3d at 164-66.

9

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.) cert. denied, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller, 251 F.3d 408.

In view of the passage of time since Dove's conviction became final, it does not appear as though he could pursue any state court remedies at this time. See Lines, 208 F.3d at 163. That is, any relief that may have been available to Dove under the PCRA act is now foreclosed by its 1-year statute of limitations and Petitioner's claims do not satisfy any of the three §9545 exceptions. See 42 Pa.C.S. §9545.[5] The Petitioner, however, has not alleged cause or prejudice. Nor

---

5. Pennsylvania prisoners must file their initial and subsequent PCRA petitions:

> within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, his challenge to the validity of his conviction based on these defaulted claims must be rejected on the ground that Dove failed to pursue these issues in the state courts, and has not established appropriate grounds for this Court to consider the claims in the first instance.

## B. Merits

Section 2254(d) of Title 28 of the United States Code provides, in pertinent

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

Any petition invoking an exception provided in paragraph (1) shall e filed within 60 days from the date the claim could have been presented.
42 Pa.C.S. §9545(b).

11

part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

(1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. §2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and

12

convincing standard in §2254(e)(1) applies to factual issues, whereas the unreasonable application standard of §2254(d)(2) applies to factual decisions) Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v. Chesney, 301 F. Supp 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. §2254(d)(2)

and (f)[6]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp 2d at 296; see also Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp 2d at 296; see also Williams, 529 U.S. at 408-09.

## 1.    Alleged Violation of Fourteenth Amendment

Dove challenges the trial court's denial of his motion to suppress the traffic stop and all evidence resulting therefrom. (Doc. No. 1, petition at 6). Specifically, he states that Officer Ames-Brooker lacked sufficient facts to support a reasonable suspicion that a motor vehicle violation had been committed.

To the extent that Dove argues that there was no probable cause for his arrest, such a claim must be dismissed. An illegal arrest provides no basis for collateral attack on judgment obtained after notice and fair trial. Shack v. Attorney General of State of Pennsylvania, 776 F.2d 1170, 1172 (3d Cir.1985)

---

6. "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. §2254(f).

14

(citing U.S. v. Crews, 445 U.S. 463, 474 (1980)). "[W]hen one ... is convicted of a crime after notice and a fair trial, defects in the pretrial proceedings are not ordinarily considered sufficiently 'fundamental' to justify collateral attack." Id. In addition, any Fourth Amendment claim Dove may be attempting to assert must be denied. When a duly convicted state prisoner has had a full and fair opportunity to litigate a Fourth Amendment claim, the refusal of the state courts to grant relief cannot provide a basis for federal habeas review. Stone v. Powell, 428 U.S. 465 (1976); see also Cardwell v. Taylor, 461 U.S. 571 (1983) (per curiam) (consideration of a claim that evidence admitted at trial was the fruit of an illegal arrest could not be considered on a habeas corpus petition as long as the state courts had afforded a full and fair opportunity to litigate that claim). The Third Circuit has held a "full and fair opportunity" means there must have been procedures by which a defendant could have litigated a Fourth Amendment claim. See Hubbard v. Jeffes, 653 F.2d 99, 103 (3d Cir.1981); Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir.1980).

The Petitioner was afforded a full and fair opportunity to litigate his claim in the Pennsylvania state courts. The legality of the search was challenged by the Petitioner at the Omnibus Pretrial Hearing. (See Doc. No. 16, Omnibus Pretrial Hearing Transcript). Dove then attempted to raise the issue on appeal

to the Superior Court of Pennsylvania. (See Doc. No. 16, Letter of Feb. 12, 2010, from Attorney Dean Morgan to Dove). However, after a careful review of the record, Attorney Morgan notified Dove that the issue was withdrawn from the appeal, as having no merit, based on the following:

> As you are aware, the basis of the stop was the informant's information that was relayed to Officer Brooker. As you may be aware, a police officer may initiate a traffic stop when he has reasonable suspicion to believe that a violation of the Motor Vehicle Code has occurred, in which he may stop a vehicle. 75 Pa.C.S.A. §6308(d).
>
> In the present case, the Trial Court's 1925(b) Opinion, a copy of which is provided to you, succinctly demonstrates the reasons for denying your Motion to Suppress. I can find no controlling appellate authority which would be persuasive to the Superior Court in reversing the Decision of the Trial Court. Therefore, I believe that it is in your best interest to not pursue this matter on appeal so that the Appellate Court can concentrate on those issues which may be meritorious.

(Doc. No. 16, Letter of April 8, 2010, to Dove).

Thus, it is readily apparent that Dove has had a full opportunity to have this claim reviewed, and as a result, federal review of this claim is foreclosed.

## 2. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective

16

assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; accord Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; accord Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp.2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

17

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir.1992) "Without proof of both deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002)(internal quotations and citation omitted). In assessing whether the result of the proceeding might have been different, a reviewing court must consider the "totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695; Jermyn, 266 F.3d at 283. However, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d. Cir. 2006). "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

When the Pennsylvania state courts reviewed the claims raised by Dove, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Johnson, 565 Pa. 51, 771 A.2d 751, 757 (Pa. 2001). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n. 9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, under §2254(d)(1), the relevant inquiry in addressing an ineffectiveness claim that has been adjudicated on the merits is whether the Pennsylvania state court decision involved an unreasonable application of Strickland. Jacobs, 395 F.3d at 107 n. 9; Werts, 228 F.3d at 204.

Petitioner in this case advances no argument that the Superior Court decision is contrary to extant United States Supreme Court precedent. In this regard, Petitioner does not maintain that the ineffective assistance test applied by the state court is inconsistent with the test established in Strickland and developed in its progeny. Thus, each asserted instance of ineffective assistance will be considered against this standard.

19

### a. **Failure to demand a pre-trial competency hearing of Timothy Kemp.**

Petitioner alleges that trial counsel was ineffective for failing to demand a pre-trial competency hearing of eye-witness, Timothy Kemp, and that appellate counsel was ineffective for failing to raise the lack of pre-trial competency hearing on direct review. (Doc. No. 1, petition).

The law of Pennsylvania concerning the competency of a witness under fourteen years of age was clearly established long before the trial in this matter. Rosche v. McCoy, 397 Pa. 615, 156 A.2d 307 (1959). See Everett v. Beard, 290 F.3d 500, 510 (2002) (discussing status of state law at the time of trial, to evaluate competency of attorney). In Rosche, the Pennsylvania Supreme Court held that "[c]ompetency is the rule and incompetency the exception. The burden to show incompetency lies upon the party who asserts it." Id. at 309. In Rosche, the Court set forth the rule that must be applied regarding "[t]he question of persons said to be mentally immature due to infancy." Id. at 310. "[C]ompetency is presumed where the child is more than 14 years of age. Under 14 there must be a judicial inquiry as to mental capacity, which must be more searching in proportion to chronological immaturity." Id.

The Court in Rosche instructed that the following factors must be applied

in determining competency:

> [t]here must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that [the child] is called to testify about and (3) a consciousness of the duty to speak the truth.

Id. Moreover, a child's competency to testify is a threshold legal issue that the trial court must decide, and an appellate court will not disturb its determination absent an abuse of discretion. Id. at 615.

The record clearly demonstrates that Timothy Kemp was questioned for competency. (See Doc. No. 16, N.T. 3/5/09, pages 4-5). Timothy Kemp testified at the suppression hearing on March 5, 2009 by the same judge who presided over the trial. During that hearing, the Commonwealth asked questions to determined whether Timothy Kemp was competent to testify:

Attorney Ramseur: And, Timothy, do you know why you're here?

Timothy: To testify as a witness against Ronald Dove.

Attorney Ramseur: And do you remember taking an oath to tell the truth, the whole truth, and nothing but the truth?

Timothy: Yes, I do.

Attorney Ramseur: Do you know the difference between telling the

21

truth and telling a lie?

Timothy: Yes

Attorney Ramseur: What is the truth?

Timothy: The truth? Exactly what happened.

Attorney Ramseur: And what is a lie?

Timothy: What didn't happen.

Attorney Ramseur: If I told you that the walls here were purple, would I be telling you the truth or would I be telling you a lie?

Timothy: You would be telling a lie.

Attorney Ramseur: Do you promise to tell the truth in everything that you testify to today?

Timothy: Yes.

Id.

In addressing this issue on appeal, the Pennsylvania Superior Court adopted the PCRA court's opinion as its own. See Commonwealth v. Dove, No. 1193 MDA 2011, slip op. at 4. The PCRA Court found as follows:

Defendant claims in paragraph number I(2)that Appellate Counsel failed to inquire why Trial Counsel never asked for a pre-trial competency hearing under Pa.R.Evid. 601(b) regarding Timothy Kemp. However, Timothy Kemp was previously questioned for competency at the Omnibus Pre-trial hearing on March 5, 2009 by

22

the same Judge who presided over the trial. (See N.T. 3/5/09, pages 4-5). In addition it is also clear from Timothy Kemp's testimony that he was able to understand the questions presented and formulate intelligent answers. (See N.T. 6/16/09, pages 114-139. Cf. Commonwealth v Moore, 980 A.2d 647 (Pa. Super 2009). Therefore, this claim fails to meet Prongs 2 and 3 of the Pierce test as there was a reasonable basis for Trial Counsel's failure to inquire, and there was no prejudice to Defendant.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

The Superior Court's decision, in light of the Kemp's testimony elicited at the pre-trial hearing, and elicited at trial, does not reflect an unreasonable application of the Strickland test, nor is it an unreasonable application of the facts in light of the evidence presented in state court. Given that the same judge who adjudicated Timothy Kemp competent to testify, presided over Dove's trial, it is readily apparent that the trial judge would have made the same determination concerning Timothy Kemp's competency to testify had there been a pre-trial competency hearing. Accordingly, Dove cannot show either prong of Strickland as Dove's trial counsel was not ineffective for failing to file a motion for a pre-trial competency hearings as there was no strategic basis to do so and Dove suffered no prejudice. Additionally, appellate counsel was not ineffective for failing to raise the issue on appeal for the same reasons. Therefore, Dove's

claim is without merit.

### b. **Custodial interrogation without Miranda warnings**.

Dove asserts ineffective assistance of trial and appellate counsel for failing to pursue a claim that he was subjected to a custodial interrogation without the benefit of Miranda warnings.[7] Specifically, Petitioner claims that once stopped, both he and his mother exited the vehicle and were "standing side by side." (Doc. No. 15, Memorandum of Law). He claims that the officer "did not direct her questions toward Mrs. Dove, but toward both of us. With the officer's question, after she was asking petitioner about registration, insurance, license, and who's vehicle it was, that, who's the one who drove, petitioner answered first, saying 'she has a hard time shiften (sic) the case in drive', and then petitioner's mother said she drove." Id. Petitioner believes "this entire testimony should have been suppressed." Id.

Although never presented through the appropriate state court channels, the PCRA Court addressed it in its opinion, and the analysis was adopted by the Pennsylvania Superior Court. See Commonwealth v. Dove, No. 1193 MDA

---

7. The Miranda warnings refer to the warnings required by Miranda v. Arizona, 384 U.S. 436(1966), informing a suspect of the right to be silent and the right to counsel in a custodial interrogation.

24

2011, slip op. at 4. The PCRA Court found as follows:

> Defendant claims in paragraph number I(6) that Appellate Counsel "was ineffective for omitting appellant's Miranda Rights from appellant's direct appeal. This claim fails to meet Prong 3 of the <u>Pierce</u> test. The issue of whether Defendant was read his Miranda Rights was not an issue and not previously raised. However, had the issue been raised, the Court is not aware of any statements against interest made by Defendant after he was taken into custody, nor has Defendant cited to any, which, had they been suppressed would have changed the outcome. (See N.T. 6/16/09, pages 191-203, 233-241). Therefore, there is no reasonable probability that the outcome of the proceedings would have been different, and hence, no prejudice to Defendant.

(See Doc. No. <u>16</u>, <u>Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907</u>).

To the extent that Dove implies that he was subjected to custodial interrogation and provided unwarned statements, the Court finds that position to be without merit. While it is true that an individual in custody may not be interrogated unless he has first been adequately advised of his rights, <u>Miranda v. Arizona, 384 U.S. 436, 479 (1966)</u>, "persons temporarily detained pursuant to [investigatory] stops are not 'in custody' for the purpose of <u>Miranda</u>." <u>Berkemer v. McCarty, 468 U.S. 420, 440 (1984)</u>.[8] There is no question here that Dove was

---

8. In <u>Berkemer</u>, the Supreme Court explained why Terry stops do not normally require Miranda warnings:

> Under the Fourth Amendment, we have held, a policeman who lacks

originally detained pursuant to a traffic stop. During the stop, the police officer

asked him for identification documents and documents associated with the

vehicle. Officer Ames-Brooker observed Dove's eyes were bloodshot and glassy,

his speech was slurred, and he was unsteady on his feet. At that point, the

officer was entitled to briefly question Dove to dispel or confirm her suspicion that

Dove might be intoxicated. See United States v. Lewis, 2008 WL 2625634, at *4

(D.Vi. 2008) ("Where police officers have a reasonable suspicion that the

suspect engaged in criminal activity, may briefly detain and question to dispel or

confirm suspicion.") (citing United States v. Scheets, 188 F.3d 829, 838 (7th Cir.

---

> probable cause but whose observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion. The stop and inquiry must be reasonably related in scope to the justification for their initiation. Typically, this means that the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released. The comparatively nonthreatening character of detentions of this sort explains the absence of any suggestion in our opinions that Terry stops are subject to the dictates of Miranda.

> Berkemer, 468 U.S. at 439–40 (internal quotations and citations omitted).

1999).[9] This was not a custodial interrogation as Dove had not been "taken into custody or otherwise deprived of his freedom of action in any significant way." Berkemer, 468 U.S. at 428.[9]

Because the statements Dove complains of were not the result of a custodial interrogation, Dove's underlying claim fails. As such, trial and appellate counsel cannot be deemed ineffective for failing to pursue a meritless claim. United States v. Sanders, 165 F.3d 248, 253 (3d Cir.1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir.1987). In such a situation, the second prong of the Strickland test has not been satisfied, and, as a result, his claim fails.

---

9. In Lewis, police officers stopped a car because the occupants were not wearing seatbelts. After stopping the car, the police observed firearms in the car and proceeded to ask the suspects if they had a license to possess the firearms. The Court determined that the officers' questions did not convert the investigatory stop into custodial interrogation for Miranda purposes. Id. at *6.

9. In Berkemer, the defendant had been pulled over for erratic driving and made incriminating statements in response to the officer's question of whether he had used intoxicants. Id. at 423–24. The Supreme Court noted that where the respondent was not placed under any "restraints comparable to those associated with a formal arrest," that the police officer was not required to given Miranda warnings prior to the time he had arrested the defendant. Id. at 441–42.

## c. **Abandoned Claims**

Dove claims that appellate counsel was ineffective for "abandoning appellant's PA and U.S. Constitutional rights and denying him a full and fair appellate review." (Doc. No. 1, petition).

The PCRA Court's Opinion, adopted as its own, by the Pennsylvania Superior Court, addressed Petitioner's claim regarding abandoned claims on appeal as follows:

> Defendant claims in paragraph number I(3) that Appellate Counsel was ineffective in disregarding Defendant's Statement of Errors. Attorneys are bound by the Rules of Professional Conduct not to assert meritless claims. (See PA. Rules of Professional Conduct 3.1). Moreover Appellate Counsel's decision to disregard certain claims Defendant wished to raise on appeal was based on sound legal reasoning. See the letter from Appellate Counsel to Defendant explaining what he wanted to pursue on appeal and why (Defendant's Exhibit A). Therefore this claim fails to meet Prongs 2, and 3 of the Pierce test as Appellate Counsel had a reasonable basis for doing what he did and there is no prejudice to Defendant as there is no reasonable probability that the outcome would be different.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

The state courts' finding this claim lacked merit was not contrary to, nor an unreasonable application of Strickland. See Williams v. Taylor, 529 U.S. at 405–06. As discussed above, the state courts' finding that Dove's claim that

appellate counsel abandoned his claims for appeal is meritless, was not contrary to, nor an unreasonable application of, Supreme Court precedent. See supra §II.B. As such, it is not unreasonable to find appellate counsel's failure to argue meritless claims lacked merit. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998)(counsel not ineffective for failing to raise a meritless argument).

### d. Hearsay testimony.

Petitioner claims that trial counsel was ineffective for not challenging the court's admission of Officer Ames-Brooker's "hearsay testimony" and appellate counsel was ineffective for not preserving the issue for appeal. (Doc. No.1, petition).

Pursuant to Federal Rules of Evidence Rule 801(c), hearsay means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

The lower courts addressed the issue as follows:

Defendant complains in paragraph number II(1), page 7, that Trial Counsel "was ineffective for lack of proper case law, showing lack of preparation." The Court reviewed the case cited by Defendant, Commonwealth v. Jones, 845 A.2d 821 (Pa. Super. 2004). In the Jones case, the Officer did not observe any conduct by the defendant that would corroborate the tip provided to the dispatcher. Id. at 825. However, the case at hand is distinguishable from the

Jones case, in that the Officer did observe conduct by Defendant that would corroborate the tip provided to the dispatcher. (See N.T., 3/5/09, pages 36-40; 6/16/09, pages 185-192). Specifically, the Officer had a description and license plate number of the vehicle in question and was able to locate this vehicle at the scene. In addition, the Officer did not rely on the tip alone in stopping the Defendant, but rather she also relied upon her own observations of Defendant prior to initiating the stop. Because this case is distinguishable from Jones on the facts, there is no reasonable probability that the outcome would have been different had Trial Counsel cited to the Jones case. Hence, this claim fails to meet Prong 3 of the Pierce test. See also the Court's decision from the Omnibus Pre-trial hearing, 3/5/09, pages 77-81.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

Because Officer Ames-Brooker testified as a fact witness, her testimony was not hearsay, and trial counsel has a reasonable basis for "allowing" her to testify. Moreover, Dove suffered no prejudice as a result of trial counsel's actions in allowing her to testify, or in appellate counsel's actions for failing to raise the issue on appeal. As such, Dove cannot meet either of the Strickland prongs, and his claim fails.

Related to this claim is Petitioner's claim that appellate counsel was ineffective for not challenging why the officer allegedly changed her reasons for stopping Defendant. (Doc. No. 1, petition).

In addressing this claim, the PCRA Court found the following:

30

Defendant claims in paragraph number I(2) that Appellate Counsel "was ineffective in informing appellant that inconsistency of witness statements between Suppression Hearing and Jury Trial, would have no merit in a direct appeal. [sic] when the inconsistencies appellant was pointing out shows appellant counsel never reviewed appellant's statement of errors." "It was for the trier of fact to determine the weight of the evidence and the credibility of witnesses." Commonwealth v. Thur, 906 A.2d 552 (Pa. Super. 2006)(citation omitted). "The jury was free to believe all, part, or none of the evidence." Id "[The Superior Court] may not weigh the evidence or substitute its judgment for that of the factfinder." Id. Appellate Counsel's statement to Defendant that "the credibility of witness testimony is a question of fact to be determined by a jury, not the appellate courts [,]" (Defendant's Exhibit A) is an accurate statement. This claim fails to meet Prong 2 of the Pierce test, as Appellate Counsel had a reasonable basis for informing Defendant of this, and also fails Prong 3 of the Pierce test since there is no prejudice to Defendant and no reasonable probability that the outcome would have been different.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907). Because appellate counsel had a reasonable basis for not raising a meritless claim, and he explained that basis to Dove, (see Doc. No. 16, Letter of Feb. 12, 2010 from Attorney Morgan to Dove), Dove cannot meet the first prong of Strickland, and his claim fails.

### e. **Testimony of Edward Kemp**.

Petitioner contends that trial counsel was ineffective for failing to object to the testimony of Edward Kemp at both the suppression hearing and at trial, because his testimony was hearsay. (Doc. No. 1, petition).

31

The state court's determination of this issue is as follows:

Defendant claims in paragraph number I(3), page 4, that Appellate Counsel was ineffective for not declaring Trial Counsel ineffective for allowing Edward Kemp to testify at the suppression hearing. The Court does not know of any legal authority that would have allowed Trial Counsel to prevent Edward Kemp from testifying at the hearing. Edward Kemp's testimony was relevant to the hearing, as he was an eye-witness and was the individual who called 911. Moreover, and contrary to Defendant's contention, Edward Kemp was not an anonymous tipster, as he provided his name and address to the dispatcher, as well as his son's (Timothy Kemp) and remained at the scene until shortly after the Officer arrived. (N.T. Omnibus Pre-Trial Hearing, 3/5/09, pages 22-34). This claim fails to meet Prongs 1, 2, and 3 of the Pierce test, as it does not have arguable merit, counsel had a reasonable basis for "allowing" Edward Kemp to testify at the hearing, and there is no reasonable probability that the outcome would have been different. See also the Court's response to Defendant's complaint number II(4).

Defendant contends in paragraph number II(4) that "Trial counsel was ineffective for not objecting to Commonwealth witness, Edward Kemp, testifying at the Suppression Hearing." See the Court's response to Defendant's complaint in paragraph number I(3). In addition, his testimony was not hearsay. Edward Kemp, who had independent personal knowledge of the 911 call, testified regarding what he told the dispatcher when he called 911. He also testified as to what he himself did and observed during the incident in question. (See N.T., 3/5/09, pages 22-28). Given the foregoing, this contention fails to meet Prongs 1, 2, and 3 of the Pierce test.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907). Because Edward Kemp testified as a fact witness, his testimony was not hearsay, and trial counsel has a reasonable basis for "allowing" him to testify.

Moreover, Dove suffered no prejudice as a result of trial counsel's actions in allowing him to testify, or in appellate counsel's actions for failing to raise the issue on appeal. As such, Dove cannot meet either of the <u>Strickland</u> prongs, and his claim fails.

### f. Trial Counsel Unprepared.

Dove states that "trial counsel was ineffective for being unprepared for the suppression hearing of March 5, 2009." (Doc. No. <u>1</u>, petition). Specifically, Dove believes that counsel was ill-prepared for the suppression hearing by failing to cite to the cases of <u>Commonwealth v. Jones, 845 A.2d 821 (Pa. Super. 2004)</u> and <u>Commonwealth v. Albert</u>, 767 A.2d 549 (Pa. Super. 2001). (<u>See</u> Doc. No. <u>15</u>, Memorandum of Law).

The lower courts found Petitioner's claim to be without merit, based on the following:

> Defendant complains in paragraph number II(1), page 7, that Trial Counsel "was ineffective for lack of proper case law, showing lack of preparation." The Court reviewed the case cited by Defendant, <u>Commonwealth v. Jones, 845 A.2d 821 (Pa. Super. 2004)</u>. In the <u>Jones</u> case, the Officer did not observe any conduct by the defendant that would corroborate the tip provided to the dispatcher. <u>Id</u>. at 825. However, the case at hand is distinguishable from the <u>Jones</u> case, in that the Officer did observe conduct by Defendant that would corroborate the tip provided to the dispatcher. (See N.T., 3/5/09, pages 36-40; 6/16/09, pages 185-192). Specifically, the Officer had a description and license plate number of the vehicle in

question and was able to locate this vehicle at the scene. In addition, the Officer did not rely on the tip alone in stopping the Defendant, but rather she also relied upon her own observations of Defendant prior to initiating the stop. Because this case is distinguishable from Jones on the facts, there is no reasonable probability that the outcome would have been different had Trial Counsel cited to the Jones case. Hence, this claim fails to meet Prong 3 of the Pierce test. See also the Court's decision from the Omnibus Pre-trial hearing, 3/5/09, pages 77-81.

Defendant also claims in paragraph number II(4) that Trial Counsel was unprepared for not having case law, and cites to Commonwealth v Albert, 767 A.2d 549 (Pa. Super. 2001) In Albert the Superior Court determined that the police officers lacked reasonable suspicion to seize defendant based on an informant's tip, where the informant gave his name to the 911 dispatcher, but neither the informant, nor his cousin who was with him, personally observed any criminal activity. In this case, however, the informant's son, who was with him at the time he called 911, did observe Defendant behaving in an intoxicated manner and then proceed to get into the driver's seat of a vehicle (although it was a struggle for him to do so). (N.T. 3/5/09, pages 4-21). In addition, "[u]pon receiving unverified information that a certain person is engaged in illegal activity, the police may always observe the suspect and conduct their own investigation. If police surveillance produces a reasonable suspicion of criminal conduct, the suspect may, of course, be briefly stopped and questioned." Id. at 554. In this case, the Officer not only verified the description and license plate number of the vehicle, but also observed the suspect herself, which gave her a reasonable suspicion of criminal conduct. (N.T., 3/5/09, pages 36-65). See also Court's decision at Omnibus Pre-Trial hearing, 3/5/09, pages 78-81. Because this case can be distinguished from the Albert case on the facts, this claim fails to meet Prong 3 of the Pierce test, as there is no reasonable probability that had the attorney cited to this case the outcome would be different.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure

907).

Once again, Petitioner fails to meet either of Strickland's prongs. First, because neither case that Petitioner relies upon is applicable to his case, trial counsel had a reasonable basis for not citing to them. Dover fails to establish the prejudice prong of his Strickland claim by showing that but for counsel's failure to cite to these cases, there is a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Thus, the Court finds no merit to this claim.

### g. Impeachment of Witnesses

Petitioner states that trial counsel was ineffective for failing to "impeach both the child witness and the officer's testimony".[10] (Doc. No. 1, petition). Although Petitioner does not elaborate on this claim with specificity, either before this Court or, in the lower courts, the PCRA addressed the claim as follows:

Defendant claims in paragraph number I(2) that he believes Timothy Kemp's testimony was coerced. Defendant seems to focus on the use of the word "belligerent" by Timothy Kemp, who was thirteen years of age at the time of trial. While many individuals Timothy's age might not use such a word, it is clear from his testimony that Timothy Kemp is a mature thirteen year old with a mature vocabulary. (N.T. 6/16/09, pages 114-139). In addition, on cross-

---

10. Trial counsel's failure to impeach Officer Ames-Brooker has previously been determined as unexhausted and procedurally defaulted. See infra at 8. Thus, it will not be addressed on the merits in this section.

35

examination Timothy Kemp was questioned regarding who he discussed the case with prior to trial and when. (N.T., 6/16/09, pages 124-125. The credibility of Timothy Kemp as a witness, and the weight his testimony was to be given, was for the jury to decide. Also, this claim is a bald assertion at best, and was not previously raised. Given the foregoing, this claim fails to meet Prongs 1, 2, and 3 of the Pierce test, as it does not have arguable merit, Appellate Counsel had a reasonable basis for not raising this issue, and there is no reasonable probability that the outcome would have been different.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

Once again, Dove cannot meet the first prong of Strickland. On cross-examination, trial counsel questioned Timothy Kemp about whether the discussed the facts of the case with anyone, and if he did, with whom and when. (See Doc. No. 16, N.T., 6/16/09 at pages 124-135). Further, the record is clear that Timothy Kemp, while young, is a mature thirteen-year-old with a mature vocabulary. Timothy Kemp's credibility, and the weight that his testimony should be given, were issues reserved for the jury. Commonwealth v. Thur, 906 A.2d 552 (Pa. Super. 2006). "The jury [is] free to believe all, part, or none of the evidence." Id. Here, the jury found Timothy Kemp to be credible despite trial counsel's cross-examination. Trial counsel appropriately cross-examined Timothy Kemp, and Dove cannot show that trial counsel's actions were

unreasonable. Accordingly, Dove cannot establish the first prong of <u>Strickland</u>.

### h. <u>Sequestration</u>

Petitioner alleges that trial counsel was ineffective for "not objecting or making it known that witnesses broke the trial judge's order of sequestration." (Doc. No. <u>1</u>, petition).

In addressing this claim, the PCRA court found the following:

> Defendant contends in paragraph number II(6) that Trial Counsel was ineffective for failing to bring to the Court's attention that the Commonwealth witnesses "stood in the hall way and huddled like a football team." However, the Court sequestered the witnesses, not only at trial, but also at the suppression hearing. (See also N.T., 6/15/09, pages 12, 87-88; 6/16/09, page 113; N.T., 3/5/09, page 3). Finally, Commonwealth witnesses John Tran (N.T., 6/15/09, pages 106-107), Timothy Kemp (N.T., 6/16/09, pages 124-125), and Edward Kemp (N.T., 6/16/09, pages 149-150) were all questioned on cross-examination regarding whether they discussed the case with anyone prior to trial and, if so, when. The credibility of the witnesses and the weight of their testimony was for the jury to decide. This claim is nothing more than a bald assertion and fails to meet Prongs 1, 2, and 3 of the <u>Pierce</u> test; the claim has no arguable merit. Trial Counsel had a reasonable basis for not addressing this claim with the Court, and there is no reasonable probability that the outcome would have been different had he done so.

(<u>See</u> Doc. No. <u>16</u>, <u>Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907</u>).

The Court agrees with the state courts' assessment. There existed no reasonable basis for trial counsel to bring this claim to the trial court's attention.

Moreover, Dove fails to show how the outcome of his trial would not have been any different had trial counsel addressed the issue with the court. As such, the claim lacks merit.

### i. Taped Call.

Dove alleges that trial counsel was ineffective for failing to preserve the 911 taped call conversation. (Doc. No. 1, petition).

The PCRA court found no merit to this claim, based on the following:

Defendant contends in paragraph number II(7) that Trial Counsel was ineffective for not requesting the 911 tape that was made. However, Edward Kemp, who had independent personal knowledge of the 911 call, testified regarding the information that he gave to 911 (N.T., 3/5/09, pages 22-34; N.T., 6/16/09, pages 140-161), and the Officer testified regarding the information she received from the County Control dispatcher (N.T. 3/5/09, pages 35-65; N.T., 6/16/09 pages 185-187, 206-211). The information supplied to the Officer particularly with regards to the vehicle in question was corroborated by the Officer prior to initiating an investigatory stop. Moreover, the Officer did not rely solely upon the 911 information in making the stop, but she also relied upon her own observations of Defendant prior to doing so. (N.T. 6/16/09, pages 186-189; N.T., 3/5/09, pages 35-36). Therefore, this complaint fails to meet Prongs 1 and 3 of the Pierce test, as it does not have arguable merit, and there is no prejudice to Defendant since there is no reasonable probability that the outcome would have been different had Trial Counsel obtained the 911 tape.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

Petitioner has satisfied neither the deficiency nor the prejudice prong of Strickland. Counsel's decision was a sound one in that the 911 tape was unnecessary, as all eye witnesses were available to testify, and did testify. As such, there is no prejudice because the tape would not have advanced any defense theory, and Petitioner was not prejudiced by not having the tape introduced. Accordingly, this claim must be denied.

### j. **Deliberate disregard for the truth of the matter at trial.**

Although vague in details in his petition, the lower court construed, and addressed the issue as follows:

> Defendant claims in paragraph III(1), page 11, that "Trial Counsel was ineffective for Deliberate Disregard for the Truth of the Matter." Defendant claims that he "went to the McShane Firm and explained to trial counsel that defendant has been diagnosed with Post Traumatic Stress Disorder, (PTSD), coupled with Panic (anxiety) attacks in public places. Defendant has been seeing a psychiatrist, from Adams Hanover Counseling Services, named Dr Coronado, since 2006." Defendant seems to be trying to claim a diminished capacity defense. However psychiatric testimony is only admissible to negate specific intent to commit first degree murder. Commonwealth v Garcia, 505 Pa. 304, 479 A.2d 473 (1984). Since Defendant was not charged with first degree murder, Defendant's claim has no arguable merit, Trial Counsel had a reasonable basis for failing to act, and there is no prejudice to Defendant. Therefore, this claim fails Prongs 1, 2, and 3 of the Pierce test.

(See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907).

39

Once again, Dove fails to establish the prejudice prong of his Strickland claim by showing that, but for, counsel's failure to raise a diminished capacity defense, there is a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Thus, the Court finds not merit to this claim.

### 3.    **Abuse of Discretion by lower court.**

To the extent that Petitioner argues that the "trial judge allowed conflicting testimony from pretrial and trial", although not addressed as trial court error, the PCRA court addressed the issue as one of ineffective assistance of counsel for failing to object to the alleged "inconsistency of witnesses statements, between Suppression Hearing and Jury Trial", and found that "it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. Commonwealth v. Thur, 906 A.2d 552 (Pa. Super. 2006). The jury was free to believe all, part, or none of the evidence. Id. [The Superior Court] may not weigh the evidence or substitute its judgment for that of the factfinder. Id." (See Doc. No. 16, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907)(internal quotes omitted).

A contention such as Dove is making, that the verdict was against the weight of the evidence, is distinguishable from a claim that the evidence was

40

insufficient to support the verdict. A federal habeas court has no power to grant habeas relief because it finds that the state conviction is against the weight of the evidence. Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir.1985). A sufficiency of evidence claim requires an inquiry into whether, upon the evidence presented in a state criminal proceeding, a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319(1979). A weight of the evidence claim, however, concerns a determination by the fact finder that certain evidence was more credible than other evidence.

In Marshall v. Lonberger, Justice Marshall specifically stated, "Title 28 U.S.C. §2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. at 434. Accordingly, this claim is not cognizable for federal habeas corpus review.

Additionally, with respect to Petitioner's claim that the "sentencing court considered irrelevant factors to sentence defendant to the high end of the standard range of sentencing", (see Doc. No. 1, petition), habeas relief is only available for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254 (a). The United States Supreme Court has held that habeas

41

matters involving a state court's discretionary acts in sentencing proceedings are not subject to federal review, unless a specific constitutional claim is allegedly violated. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984) (a federal court has no power to review a state-imposed sentence in a habeas matter unless it involves a violation of a specific constitutional right). Petitioner has failed to argue that a specific constitutional violation occurred during his sentencing proceedings. (See Doc. No 1, petition). Indeed, "[a]bsent some constitutional violation, it is clear that, particularly in the area of state sentencing guidelines, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure." Knight v. Beyer, Civ. A. No. 88-3180, 1989 WL 68618, *6 (E.D. Pa. June 22, 1989) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988)). Thus, because the imposition of Dove's sentence in Pennsylvania is within the sound discretion of the court, Petitioner's claim does not raise any constitutional question and is not reviewable in a federal habeas proceeding. See, See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir.1984). Accordingly, this Court does not have jurisdiction to review Petitioner's claim.

## III.    **Certificate of Appealability**

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue. A separate Order will be issued.

## IV.  Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 15, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1517-01.wpd